# EXHIBIT 1

Amended Complaint

Case 1:25-cv-02183-JKB    Document 1-2    Filed 07/07/25    Page 2 of 6

E-FILED; Anne Arundel District Court - Glen Burnie
Docket: 7/5/2025 10:23 AM; Submission: 7/5/2025 10:23 AM
Envelope: 21915744

IN THE DISTRICT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND

| | |
|---|---|
| ESTATE OF AMANDA C. WHITAKER | : |
| Plaintiff | : |
| vs. | : Case No. D-07-CV-24-023224 |
| TRUIST BANK | : |
| Defendant | : |

**AMENDED COMPLAINT**

The Plaintiff, Estate of Amanda C. Whitaker, ("Plaintiff") by and through its Personal Representative Robert W. Whitaker ("Personal Representative") and by and through its attorneys, V. Peter Markuski, Jr., Esquire, and Goozman, Bernstein & Markuski, files this Amended Complaint against the Defendant, Truist Bank, ("Truist Bank" or "Defendant") and for its cause of action states as follows:

1. That Amanda Whitaker on or about May 20, 2022, deposited Thirty Thousand Dollars ($30,000.00) into a checking account ("Account") at Truist Bank, Account Number 127000573271.

2. That Amanda Witaker ("Amanda") died on July 5, 2022, and Robert W. Whitaker thereafter was appointed the Personal Representative of Amanda's estate by the Register of Wills for Anne Arundel County, Maryland, Estate Number 107787.

3. That as of July 5, 2022, Amanda's Account had a balance of approximately $20,649.37.

4. That from July 6, 2022, the date after Amanda's death, through approximately May 12, 2022, Truist allowed unauthorized and unknown person(s) to withdraw $15,726.00 from the account.

5. Shortly after Amanda's death the Personal Representative in person, at a Truist branch, advised Truist of the death of Amanda and thereafter provided Truist with a copy of Amanda's Death Certificate.

1

6. Despite Truist Bank having knowledge of Amanda's death, Truist Bank allowed unauthorized person(s) to withdraw funds from the account and did not undertake any investigation or take other actions to validate the death of Amanda Whitaker. Nor did Truist Bank take any actions to prevent future unauthorized withdrawals from the account despite having had actual or constructive knowledge that the account holder was deceased.

7. Once Truist Bank had knowledge of the unauthorized withdrawals, Truist Bank under the Federal Electronic Fund Transfer Act (FETA) was obligated to conduct a good faith investigation, and recredit the Account with an amount equal to the unauthorized withdrawals (15 U.S.E 1693, *et. seq.*).

## COUNT 1 – Breach of Contract

8. Plaintiff realleges and incorporates by reference Paragraphs 1 – 7 hereinabove.

9. As of this date the Defendant has refused to provide Plaintiff or its Counsel copies of any contracts entered into between Truist Bank and Amanda.

10. To the extent there was any executed contract(s) between Amanda and Truist Bank, Truist Bank would have been obliged to only debit those withdrawals properly authorized by Amanda or her lawful representative, and to only honor withdrawals after Amanda's death upon presentation of appropriate documentation.

11. By honoring unauthorized withdrawals after Amanda's death, Truist Bank would have breached any agreement between Amanda and the Defendant, Truist Bank.

12. As a direct the result of the breach of the contract, if any, the Estate has suffered actual damages in the amount of $30,000.00

## COUNT II – BREACH OF IMPLIED CONTRACT

13. Plaintiff realleges and incorporates by reference paragraphs 1–12.

14. Based on Truist's relation with Amanda and the Estate, Truitt breached the implied contractual duty to exercise reasonable care to ensure that only validly authorized transactions would be processed and honored.

15. By failing to require proof of authority or investigating Amanda's reported death before honoring debits post-mortem, Truist Bank breached the implied contractual duty to act with diligence and caution.

16. Amanda and the Estate relied on Truist Bank's implied assurances of security and proper transaction screening to their detriment.

17. As a direct consequence thereof, the Estate sustained actual damages in the amount of $30,000.00

## COUNT III – NEGLIGENCE

18. Plaintiff realleges and incorporates by reference paragraphs 1–17.

19. Truist Bank owed a duty of care to Amanda and her estate to process only valid withdrawals and to safeguard deposited funds against unauthorized access.

20. Truist Bank breached their duty by (a) failing to investigate and verify Amanda's death (b) verify whether any other person had representative authority to withdraw from the Account, and (c) failing to take appropriate actions to prevent unauthorized persons from withdrawing from the account.

21. Truist Bank's negligence proximately caused the Estate to lose $30,000, for which Truist is liable.

## COUNT IV – VIOLATION OF THE ELECTRONIC FUND TRANSFER ACT ("EFTA") 15 U.S.C. § 1693 et seq.

22. Plaintiff realleges and incorporates by reference paragraphs 1–21.

23. The Account was a "consumer account," and the transfers constituted "electronic fund transfers" under 15 U.S.C. § 1693a.

24. Defendant failed to comply with 15 U.S.C. § 1693 by honoring unauthorized electronic transfers after Decedent's death, without conducting the mandatory investigation and obtaining the requisite proof of authorization.

25. Plaintiff notified Truist Bank of the unauthorized transfers and fulfilled all requirements under 15 U.S.C. § 1693.

26. As a direct result of Truist Bank's violations, Plaintiff and the Estate are entitled to statutory damages, actual damages in the amount of $30,000.00, interest, costs, and attorneys' fees under 15 U.S.C. § 1693m.

GOOZMAN, BERNSTEIN & MARKUSKI

By: /s/ V. Peter Markuski
V. Peter Markuski, Jr., Esquire
CPF No. 8212010290
9101 Cherry Lane, Suite 207
Laurel, Maryland  20708
301-953-7480
301-953-1339 ( Fax)
Attorneys for Plaintiff
vpmarkuski@gbmlawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of July 2025, a copy of the foregoing Amended Complaint was mailed first-class, postage prepaid, or served by ECF on MDEC, to all Counsel on record:

/s/ V. Peter Markuski
V. Peter Markuski, Jr., Esquire

**CERTIFICATE OF REDACTION**

      I hereby certify that the undersigned counsel has not submitted any restricted information to the Court, pursuant to MD Rule 20-201(f)(1)(B), in its attached filing regarding the above-captioned matter.

                                              _____
                                              V. Peter Markuski, Jr., Esquire